ANSTEAD, Judge,
dissenting:
In my view the police officer who stopped and searched appellee as much as admitted the lack of probable cause to search when he responded as follows to a query by the prosecutor as to why he did not arrest ap-pellee and his companion: “What were we going to place them under arrest for?” Subsequently, the officer explained that before arresting appellee: “We had to investigate was it, in fact, a narcotics transaction.” In essence the officer conceded that it wasn’t until after the search that he possessed probable cause to arrest. The trial court heard this testimony live and, based upon a consideration of all the evidence, including the credibility of the police officer’s testimony, determined that the officers did not have probable cause to search, which is, of course, the same probable cause that is required to arrest. We cannot substitute our judgment for that of the trial court when such judgment may be predicated in part upon credibility. In fact, the prosecutor stated his position to the trial court in these terms:
MR. COHEN: The State’s position is that the Court can determine whether or not that you feel that these officers are telling the truth, whether or not there is discrepancy in their story. Both testified what the facts are; what the facts led them to believe. It’s their belief. They clearly had a real belief as to what transpired.
In addition, the majority, by predicating its decision upon the police officer’s vague and unsubstantiated assertions that he knew ap-pellee’s companion “to be both a purchaser and seller of narcotics” who entered “a bar known for drug transactions” is permitting rumor and suspicion to be substituted for probable cause.
I would affirm the trial court. If the officer lacked probable cause for arrest, he lacked probable cause to search. We would all like to see persons prosecuted whom we now know, on hindsight, possessed illegal drugs. Hindsight, however, is no substitute for the constitutionally mandated probable cause.